STATE OF NEBRASKA, EX REL. WILLIAM F. ESHER, PLAINTIFF IN ERROR, V. E. R. BANKS, DEFENDANT IN ERROR.

1. **Criminal Law**: MITTIMUS. A mittimus entitled, "The State of Nebraska, ......... county," is not void, and, even if defective, the court or judge, upon *habeas corpus*, should not, for that cause alone, discharge the prisoner, but cause a new one to be issued in proper form.

2. ———: HABEAS CORPUS. Where a party has been duly charged with making threats to murder a certain individual, and has had an examination before a justice of the peace, and been required to enter into a recognizance for his good behavior and to keep the peace, and it is clearly shown that the threats were made by the accused, the court will not on *habeas corpus* discharge him. The rule as applied *In re Balcom*, 12 Neb., 316, approved.

ERROR to the district court for Red Willow county. Tried below before COCHRAN, J.

*J. Byron Jennings*, for plaintiff in error.

*R. M. Snavely*, for defendant in error.

MAXWELL, J.

The relator filed a petition for a writ of *habeas corpus* before Hon. J. E. Cochran, judge of the district court of Red Willow county, in which he alleged that he was unlawfully restrained of his liberty by E. R. Banks, in said county, upon a pretended mittimus issued by J. H. Bennett, justice of the peace of said county, requiring him to enter into a recognizance to keep the peace, etc. A copy of the mittimus is attached to the petition. The judge made an order allowing a writ of *habeas corpus*, which was issued by the clerk of the district court, and the body of the petitioner produced before the judge. The defendant also

made the following return to the writ: " E. R. Banks, for answer and return to said writ, states that William F. Esher, on the 12th day of August, 1887, was placed in his custody by virtue of a warrant of commitment, of which the following is a copy:

" ' THE STATE OF NEBRASKA, ........ COUNTY,

" ' To the keeper of the common jail of said county:

" ' Whereas, William F. Esher has been arrested on a complaint in writing, signed and sworn to by John Kolb, for that he has just cause to fear and does fear that said William F. Esher, of said county, will unlawfully, maliciously, and willfully kill and murder him, the said John Kolb, according to certain threats made by him, the said William F. Esher, that he would so kill and murder him, the said John Kolb, and has been examined by me, John H. Bennett, justice of the peace in and for said county, on such charge, and required to give bail in the sum of $100, for his appearance before the district court of said county, on the first day of the next term thereof, to answer said charge, which requisition he has failed to comply with.

" ' In the name of the state of Nebraska, I therefore command you to receive the said William F. Esher into your custody, in the jail of said county, there to remain until discharged by due course of law.

" ' Given under my hand this, the 12th day of August, 1887.

" ' J. H. BENNETT,
" ' Justice of the Peace.'

"And that he now holds said William F. Esher in custody by virtue of said warrant. In obedience to the writ of *habeas corpus* issued herein, he now produces the body of the said William F. Esher before the judge of the district court, to be dealt with according to law."

It will be observed that the place in the writ designed to be filled up with the word "county" has been left

blank, and this seems to have been the ground of the charge in the petition, that it was a pretended warrant. Otherwise the warrant is in proper form, and the defect does not render it void. But even had it been invalid, the party accused should not be discharged because of such defect alone, but the judge should cause a new warrant to be issued.

On the hearing before the judge the state introduced a transcript of the justice's docket, as follows:

"STATE OF NEBRASKA ⎫
     vs.      ⎬
"WILLIAM F. ESHER. ⎭

"John Kolb makes complaint in writing, upon oath, before me, J. H. Bennett, a justice of the peace in and for Red Willow county, Nebraska, and deposes and says, that he has just cause to fear, and does fear, that William F. Esher, of said county, will unlawfully, maliciously, and will fully kill and murder him, the said John Kolb, according to certain threats made by him, the said William F. Esher, that he would so kill and murder him, the said John Kolb.

                              " JOHN KOLB.

"Signed and sworn to before me this, the 11th day of Aug., 1887.

                      "J. H. BENNETT, *J. P.*

"On the same day I issued warrant for arrest of the said Esher, and delivered the same to E. R. Banks, deputy sheriff. On the 11th day of August, 1887, warrant returned endorsed as follows: 'Received this August 11th, 1887. I have arrested the said defendant, William F. Esher, and have his body now in open court. J. W. Welborn, Sheriff, by E. R. Banks, Deputy.'

"August 11, 1887. The court being officially engaged, this cause is continued until August 12, 1887, at 10 o'clock A.M.

"August 12, 1887. Prosecution appeared with Coffer and Corneal, attorneys, and defendant appeared with J.

Byron Jennings and John Wiley as attorneys. Defendant pleads not guilty. John Kolb and Peter Swanson were sworn and examined on behalf of the plaintiff, and William F. Esher, James Harris, L. J. Specklemire, and C. A. Nettleton were sworn in behalf of the defendant, and after hearing the evidence and argument of counsel, the defendant being present in court during all the proceedings, I find, upon examination, and I am of opinion, there is just cause for the complaint, and I order the said William F. Esher to enter into recognizance, with good and sufficient security, in the sum of $100, for his appearance before the district court on the first day of the next term thereof, and in the meantime to keep the peace and be of good behavior generally, and especially toward the complaining person. Costs assessed: Justice's costs, $5.20; sheriff's costs, $4.60; witness costs, $7.20, as taxed on the margin hereof.

"J. H. BENNETT,
"*Justice of the Peace.*

"Defendant failed and refused to comply with said order and provide said bond. I issued a mittimus, directed to the keeper of the jail of said county, and delivered the same to E. R. Banks, deputy sheriff of said county.

"J. H. BENNETT,
"*Justice of the Peace.*"

The relator also filed a supplemental petition, denominated a reply in the record, in which he admits he did make threats against Kolb, but says they were conditional. It is pretty evident, from his own statements, that the justice had abundant cause to require him to enter into a recognizance to keep the peace, and that the amount of the recognizance is not excessive. It is also apparent that the judge of the district court rightly refused to discharge the petitioner.

In *Ex parte Fisher*, 6 Neb., 309, this court held that the judgment of an inferior court in a criminal action could

not be reviewed on *habeas corpus*, and *In re Balcom*, 12 Neb., 316, it was held that where an examining court had jurisdiction, and it is clearly shown that an offense had been committed, and there was testimony tending to show that the accused committed the offense, the supreme court, on a writ of *habeas corpus*, would not weigh such evidence to see whether it was sufficient. We adhere to that decision, and it will be applied in cases where a party is required to enter into a recognizance to keep the peace.

There is no error in the record, and the judgment denying the writ is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.