EDGAR BELL V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925.    No. 24714.

1. Criminal Law: INSTRUCTIONS. Ordinarily, error cannot be predicated on an instruction given, which is a duplicate of one asked by the complaining party.

2. ———: ———. The refusal to give an instruction which is without competent evidence to support it is not error.

3. Evidence examined, and *held* ample to support the judgment.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Andrew P. Moran* and *D. W. Livingston,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD; THOMPSON and EBERLY, JJ.

THOMPSON, J.

The state charges Edgar Bell, hereinafter called defendant, with unlawfully making an assault upon William Lackenby with intent to inflict great bodily injury, in Otoe county. Case tried to a jury, verdict of guilty. Motion for a new trial overruled, and judgment entered sentencing defendant to imprisonment in the state penitentiary for a period of one year, and to pay costs of prosecution. From this judgment defendant prosecutes error, and challenges the judgment for the following reasons, among others: The court erred in giving certain instructions on its own motion, and in refusing to give certain ones offered by defendant; misconduct on the part of the county attorney; the verdict is without evidence to sustain it.

As to the instructions given which are complained of: The part of instruction No. 8 which is objected to is in the exact language of instruction No. 12 requested by defendant; hence, defendant is in no position to urge the giving thereof as error. Instructions No. 11 and No. 13 offered

and refused were those ordinarily applicable to a case where the quarrelsome character of the injured party is an issue. However, as the record is without competent evidence calling for these instructions, or either thereof, it was not error to refuse them. Other instructions offered and refused were, in substance, embodied in those given; hence, the challenge as to them, respectively, is without merit.

As to the alleged misconduct of the county attorney: During his closing argument to the jury, objections were interposed at different times to statements made and conclusions announced, sometimes as facts, and sometimes as deductions. As we view the record, taking the presentation as made in conjunction with the prompt admonitions of the court, and the evidence, reversible error was not thus committed.

Relative to the alleged insufficiency of the evidence: While the record discloses that, on a number of the issues presented, the testimony given by witnesses examined on the part of the state was flatly contradicted by some of the witnesses examined on the part of defendant, yet the jurors in such a case are the triers of fact, the judges of the credibility of the witnesses, and the weight to be given to their testimony in the light of the court's instruction. *Carson v. State*, 80 Neb. 619. The record discloses ample evidence to support the verdict.

The assignment of other errors considered, and found to be without merit. The judgment is

AFFIRMED.