IN THE MATTER OF THE APPLICATION OF JAMES BALCOM, FOR A WRIT OF HABEAS CORPUS.

Habeas Corpus: EVIDENCE. Where an examining court has jurisdiction, and it is clearly shown that an offense has been committed, and there is testimony showing that the accused probably committed the offense, the supreme court on a writ of *habeas corpus* will not weigh such evidence to see whether it is sufficient.

APPLICATION for writ of *habeas corpus.*

*F. B. Tiffany,* for the writ.

MAXWELL, J.

This is an application for a writ of *habeas corpus.* The petition alleges that the petitioner is illegally restrained of his liberty by one W. H. Hamilton, a constable of Boone county, and that such illegal restraint consists of the following: "That on the 20th day of August, 1881, said James Balcom was arrested upon the charge of setting fire to and burning five stacks of wheat and three of oats, and taken before one Manley B. Boardman, a justice of the peace, of Manchester precinct, in Boone county, for preliminary examination; which examination was adjourned on motion of the state, to August 23rd, 1881, and on August 23rd, 1881, said examination was, on motion of defendant, further adjourned to August 24th, 1881; that on August 24, 1881, a change of venue was taken from the said Manley B. Boardman to C. F. Diffendufer, another justice of the peace in and for Manchester precinct, Boone county, which will more fully appear from the certified transcript of the docket of the said C. F. Diffendufer; that upon the said examination there was no evidence which showed, or tended to show, in any manner, that an offense had been committed against the laws of the state

of Nebraska, nor was there any evidence offered, which showed, or tended to show, that there was any probable cause to believe that the said James Balcom had committed the offense charged, or any offense, against the law of the state of Nebraska."

A synopsis of what purports to be the testimony is attached to the petition, from which it appears beyond question, that five stacks of wheat belonging to one Wilton, were burned; the cause of the fire is not clear, but certainly there were some very suspicious circumstances connected with the conduct of the petitioner, sufficient to justify an examining court to require him to give bail for his appearance at the next term of the district court.

An examination before a magistrate can only be instituted by filing a complaint under oath, alleging positively the commission of an offense, and also that there is reason to believe that the accused committed the same. The finding of the justice that there is, or is not, probable cause that the accused committed the offense charged, may be entirely disregarded by the grand jury, as it is in no sense a judgment. On such an examination the rules of evidence as to the presumption of innocence in favor of the accused until he is proved guilty should be given full weight, and the magistrate should be satisfied not only that a crime has actually been committed as charged, but that "there is probable cause to believe the prisoner guilty."

A writ of *habeas corpus* is not a proceeding to correct errors, and where it appears that the court whose action is sought to be reviewed had jurisdiction; that an offense has been committed, and there is testimony tending to show that the accused committed the offense, this court in this proceeding will not weigh evidence to see whether it is sufficient to hold the accused. Should it do so the administration of justice would be obstructed, and the court would be usurping the duties of the grand jury.

The record fails to show that the accused is illegally re-strained of his liberty and the writ will be denied.

WRIT DENIED.

COBB, J., dissented.