Rhea v. State.

---

HENRY D. RHEA V. STATE OF NEBRASKA.

FILED DECEMBER 5, 1900.    No. 11,634.

1. **Bill of Exceptions:** MOTION TO QUASH. A motion to quash a bill of exceptions is of no avail where no bill of exceptions has been settled in the cause.

2. **Habeas Corpus:** PETITION: WANT OF PROBABLE CAUSE. A petition for habeas corpus, when based upon alleged want of probable cause, should set out all the testimony taken before the examining magistrate.

3. **Motion for New Trial:** FAILURE TO FILE: DISMISSAL OF PETITION. The failure of a litigant to file a motion for a new trial can furnish no sufficient cause for dismissing his petition in error out of the appellate court.

4. **Committing Magistrate:** PROBABLE CAUSE: EVIDENCE NEED NOT BE SUFFICIENT TO CONVICT.. Evidence which would justify a committing magistrate in finding that probable cause existed for holding a defendant to appear before the district court to answer a criminal charge need not necessarily be sufficient to uphold a verdict of guilty when he is placed on trial.

ERROR from the district court for Dawson county. Tried below before GRIMES, J. *Affirmed.*

*Harry B. Fleharty* and *Henry D. Rhea*, for plaintiff in error.

*Constantine J. Smyth, Attorney General, Paul Pizey* and *W. A. Stewart, contra.*

NORVAL, C. J.

Henry Rhea was arrested on complaint filed with a justice of the peace in Dawson county, charging him with embezzlement of certain moneys. On the preliminary hearing the justice found that there was probable cause, and held him to the district court in the sum of $500, to answer the accusation. In default of bail he was committed to jail. Thereupon he commenced habeas corpus proceedings before the county judge, setting forth in the petition for the writ all the evidence introduced on the preliminary hearing, and claiming in his petition, among other things, that no evidence sufficient to support the finding that there was probable cause to hold him to answer to the charge of embezzlement was introduced before the justice of the peace. On the hearing before the county judge, as appears by the record, no evidence aside from that taken before the justice of the peace was adduced; no witnesses were called, excepting two, who were examined for the purpose of identifying the original complaint. The county judge found that Henry Rhea was unlawfully detained, and ordered him discharged from custody. The state, without having filed a motion for a new trial, removed the proceeding to the district court upon error. The record in the county court was filed in the district court, but no bill of exceptions was settled or allowed. Two motions were made by counsel for Rhea, one to quash and dismiss the petition in error, the other to quash what is called therein the "pretended bill of exceptions," which motions were overruled by the district court; and on the hearing on the merits it found that the county court erred in discharging the petitioner, set aside its

Rhea v. State.

findings and judgment, and ordered that Rhea be remanded to the custody of the sheriff. Petitioner prosecutes error proceedings, alleging that the district court erred (1) in overruling the motion to quash and dismiss the petition in error, and (2) in overruling the motion to quash the pretended bill of exceptions.

The second ground for error may be dismissed with the statement that there was no attempt made by the state to settle a bill of exceptions. The only evidence contained in the transcript filed by the state in the district court was that taken at the preliminary hearing in the justice's court, and as it was a part of the petition for the writ filed by Rhea in the county court (*State v. Ensign,* 13 Nebr., 250), it was properly made a part of the record certified by the county court and filed in the district court. It may be as well to remember then that no bill of exceptions was ever settled in the case, or filed in the district court.

Several grounds are alleged in the motion to dismiss the petition in error, the principal one being that, as no motion for a new trial was filed by the state in the county court there was nothing to review, and that the district court should, therefore, have sustained the motion to quash and dismiss the proceedings. That no motion for a new trial was filed in the county court was insufficient reason for dismissing the petition in error out of the district court. *Shickle v. Kent,* 34 Nebr., 568; *Gaughran v. Crosby,* 33 Nebr., 33; *Erck v. Omaha Nat. Bank,* 43 Nebr., 613; *Biart v. Myers,* 59 Nebr., 711.

It is, however, further urged that the district court erred in ordering the petitioner remanded to the custody of the sheriff, for the reason that the evidence taken before the justice of the peace, which is made a part of the petition for the writ, is not sufficient to show probable cause to hold him on the charge of embezzlement. The facts are, briefly, that Rhea is an attorney at law; that while acting in that capacity for one Prutsman, he came into the possession of money belonging to the latter in

something over $330; that Prutsman, by himself and by his attorney, demanded the money of Rhea, who acknowledged that he had collected it for Prutsman, but claimed that on the afternoon on which he collected it he went into a saloon, remaining there until some time in the following forenoon, and that after he had left the saloon he discovered that he had lost the money, excepting two cents. How it was lost was not explained by Rhea, although he himself took the stand on the trial and testified at some length. It is claimed that, under the rule announced in *Hamilton v. State*, 46 Nebr., 284, the evidence taken was not sufficient to justify a finding that there was probable cause to believe that there had been a fraudulent appropriation of the money by Rhea. It will be observed that in that case the defendant had already been convicted in the district court on a charge of embezzlement, and that this court was considering the sufficiency of the evidence to sustain the verdict. If the court there had been passing upon the point of whether probable cause had been shown, a very different question would have been presented. Evidence that would justify a committing magistrate in finding that probable cause existed for the detention of a defendant need not necessarily be sufficient to sustain a verdict of guilty when he is placed on trial; and for that reason the case relied upon is not in point. We are of the opinion that, taking the whole of the evidence together, it was sufficient to justify the justice of the peace in holding Rhea for trial on the charge preferred against him, and for that reason the county court erred in ordering his discharge. Since evidence adduced on the preliminary trial is made a part of the petition for the writ and such evidence disclosed probable cause, the application or petition for habeas corpus failed to state a cause of action. It is further urged, however, that the evidence discloses that for his compensation Rhea was to receive a certain per cent of the money so collected by him; that he was, therefore, a part owner of the property and could

not be guilty of embezzlement of that which belonged to him. Whether the point would be a good defense upon the trial we will not stop to inquire. Sufficient to say that there was evidence enough to make out a case of probable cause.

The judgment of the district court is

AFFIRMED.