## CARL E. CARSON v. STATE OF NEBRASKA.

### FILED FEBRUARY 6, 1908.  No. 15,123.

1. **Criminal Law:** PRELIMINARY EXAMINATION: FINDING. A complaint was filed before an examining magistrate charging plaintiff in error with maliciously killing and destroying 14 certain hogs of the value of $120, the personal property of a person named in the complaint as the owner thereof. A warrant was issued, plaintiff in error was arrested, and an examination had, in which he was held to appear at the next term of the district court. He gave the required recognizance, and was discharged from custody. In the docket entry of the examining magistrate a history of the case was given, and it was recited that, "after hearing the testimony of the witnesses, and being fully advised in the premises. the court finds that there is probable cause to believe that the defendant is guilty as charged in the complaint. It is therefore considered by me that the defendant give bond in the sum of $500 for his appearance" at the next term of the district court, etc. *Held,* That this sufficiently showed that the magistrate found that an offense had been committed.

2. ——: VERDICT: REVIEW. Upon the trial there was a sharp conflict between the testimony of the witnesses for the state and those on behalf of the defense. If the jury believed the witnesses produced by the state there was sufficient evidence to sustain a verdict finding the accused guilty. They being the sole judges of the weight of the evidence, their finding cannot be molested.

3. ——: INFORMATION: VARIANCE. The information charged the malicious killing and destruction of 14 certain hogs of the value of $120, the offense charged to have been committed on the 5th day of May, 1906. The evidence tended to show that 5 hogs were killed on the 23d day of April, 1906, the value of which was found to be $44.17, the offense proven being identified as the one charged in the information. *Held,* That the verdict responded to the charge in the information.

4. ——: EVIDENCE OF VALUE. There was a conflict in the evidence as to the size and weight of the hogs alleged to have been killed and destroyed. A witness, a dealer in live stock, was called by the prosecution and asked as to the value of the hogs on the date of the alleged offense, specific weights being given in the question and which corresponded with the weights testified to by some of the witnesses. The answer of the witness was given stating the value to be a certain price per hundredweight, leaving the jury to decide as to the weight of the hogs. *Held,* No error.

5. ———: MALICE: QUESTION FOR JURY. The question as to whether the acts charged, if committed, were maliciously done was one of fact for the jury to decide from all the evidence upon that part of the case.

6. ———: INSTRUCTIONS: REVIEW. In order to obtain a review of instructions given to a trial jury by the court, it is necessary that the record show that exceptions were taken to the instructions of which complaint is made.

ERROR to the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*J. R. Swain, T. P. Lanigan* and *George A. Adams*, for plaintiff in error.

*W. T. Thompson, Attorney General*, and *Grant G. Martin, contra.*

REESE, J.

A complaint was filed before the county judge of Greeley county charging the plaintiff in error with the crime of wilfully, unlawfully and maliciously killing, wounding and destroying 14 hogs of the value of $120, the personal property of Patrick McManaman. A preliminary examination was had, which resulted in the accused being recognized to the district court. Upon the conclusion of the preliminary examination the county judge made the following entry in his docket: "After hearing the testimony of the witnesses, and being fully advised in the premises, the court finds that there is probable cause to believe the defendant is guilty as charged in the complaint. It is therefore considered by me that the defendant give bond in the sum of $500 for his appearance in the district court for Greeley county, Nebraska, on the first day of the fall term thereof, to wit, October 22, 1906." Plaintiff in error entered into the required recognizance, and the case was certified to the district court. The county attorney filed his information, whereupon plaintiff in error filed his motion to quash the information, which being overruled, he presented a plea in abatement, to which the county at-

torney demurred. The demurrer was sustained. Plaintiff in error excepted to the ruling in both instances.

The point presented by both the motion to quash and the plea in abatement was that no sufficient preliminary examination had been had, because there was no finding by the county judge that an offense had been committed, no reference to that subject being found in the entry of the decision by him. It is contended by plaintiff in error that such a finding is jurisdictional, that it should be entered in the docket of the examining magistrate, and that in its absence the county attorney had no authority to file the information or prosecute the case. The portion of the statute bearing upon this subject is found in section 302 of the criminal code. It is provided: "If, upon the whole examination, it shall appear that an offense has been committed and there is probable cause to believe that the person charged has committed the offense, the accused shall be committed," etc. In Clark, Criminal Procedure, p. 81, it is said: "In such jurisdictions, where the statute requires the examining justice to hold the accused to answer, when he is satisfied that an offense has been committed, and that there is probable cause to believe the accused guilty, it has been held that the decision of the justice on these points is a judicial determination necessary to the jurisdiction of the higher court, and that an information filed in the higher court before any return has been made, showing such a decision by the justice, should be quashed, and this, notwithstanding a proper return is made pending the motion to quash"—citing *People v. Evans*, 72 Mich. 367. In the case cited it is said: "The statute requires the justice, after 'an examination of the whole matter,' to come to an opinion as to whether or not an offense has been committed; and, if of opinion that there has been, then as to whether there is probable cause to believe the accused guilty thereof, and thereupon to discharge or hold him to answer according to the conclusion reached; and it is only when the conclusion reached by the justice, after an examination of the whole matter,

is that an offense has been committed, and that there is probable cause to believe the accused guilty thereof, and so certified to the circuit court, that an information may be filed. This conclusion or opinion of the justice is a judicial determination, and the basis of the right to proceed in the circuit court by filing information"—citing *People v. Annis*, 13 Mich. 511; *Turner v. People*, 33 Mich. 363; and *Yaner v. People*, 34 Mich. 286.

We have been unable to see that the case of *People v. Annis, supra*, touches the question involved; but in *Turner v. People, supra*, the decision is the other way, the holding being that it is not necessary for the examining magistrate to state his findings in his docket, the court saying: "But no record of a specific finding one way or the other is required to be kept or certified to the circuit court." In the latter case (*Yaner v. People*) the precise question is not decided, yet the logic of the case seems to support the text in Clark.

The contention of the attorney general is that the entry of the county judge that "the court finds that there is probable cause to believe that the defendant is guilty as charged in the complaint" is a sufficient finding that the offense has been committed, and that all the requirements of the statute have been met. This was probably the view taken by the district court. We are not aware of any decision having been made upon the precise point by this court, and therefore have no aid from previous expressions of the court. We are of the opinion that, if the statute requires such entry to be made in the magistrate's docket, the entry is sufficient to give the district court jurisdiction. The entry is substantially a copy of the form given in Maxwell, Criminal Procedure, p. 16, except that the name of the accused is not here used; the form being: "On consideration whereof I find that there is probable cause to believe that C D committed the offense charged in said complaint." It is true that before an accused can be legally held to answer a criminal charge upon information he is entitled to a preliminary examination, and there must

be proof and a judicial determination that an offense had been committed and that there was probable cause to believe the defendant guilty as charged in the complaint. But that does not conclusively argue that it is necessary, in the absence of a statute requiring it, that these findings should be entered, technically, or at all, upon the docket. Jurisdiction having been obtained, the preliminary examination had, and the accused recognized to the district court would probably be enough to be shown by the record to confer jurisdiction upon the prosecuting attorney to file the information and upon the district court to try the accused.

A jury trial was had in the district court, which resulted in a verdict finding plaintiff in error guilty as charged in the information, and finding the value of the hogs killed to be $44.17. A motion for a new trial was filed and overruled, and plaintiff in error was sentenced to imprisonment for 15 months in the penitentiary. From that judgment he prosecutes error to this court. The petition in error is of great length, but few of the assigned errors are discussed in the briefs upon which the case is submitted. All others will be considered as waived, and will not be noticed.

It is first insisted that the evidence was not sufficient to sustain the verdict. This contention is based largely upon the fact that there was a sharp conflict in the testimony of the witnesses, and that some of the witnesses produced by the state were unworthy of belief, and that in some instances their testimony was self-contradictory. We have carefully read the bill of exceptions, and find that in some particulars the contention of plaintiff in error is well founded. Indeed, were the question of plaintiff in error's guilt to be passed upon by us, sitting as a trier of fact, we might hesitate to hold that the guilt of plaintiff in error had been established beyond a reasonable doubt; but that question was submitted to and passed upon by the jury. The witnesses were before the jurors, their conduct and demeanor were observed by them, and their

apparent truthfulness was for the jury to consider, they being the sole judges of the weight to be given to the testimony of each witness. If they believed the statements of the principal witnesses for the state, as they must have done in order to find the verdict of guilty, the verdict must be held to be conclusive.

It is contended that the verdict does not respond to the charge in the information, as the information charges the killing of 14 hogs on the 5th day of May, 1906, and all the evidence submitted relates to the killing of hogs on the 23d day of April of the same year, and the proof showed but 5 hogs killed on that date. It is well settled in this and other courts that the precise date upon which an offense is committed is not a material matter, subject to two conditions: That the offense must have been alleged and proved to have been committed within the time within which a prosecution may be had, and that the offense proved must be identified as the one charged. This case seems to have been brought within these rules. The fact that the jury found that 5 hogs were killed instead of 14, as charged, and the value to be $44.17 instead of $120, as charged, is not a matter of which plaintiff in error can complain.

It is contended that the district court erred in permitting a witness, who was a dealer in live stock and had knowledge as to the values in the market at the time the crime was said to have been committed, to testify as to the value of hogs of a certain weight at that time; the contention being that the weights named in the question were not based upon the evidence adduced at the trial. While we think that there was not a material departure from the testimony of the witnesses as to the quality and weight of the hogs, yet we observe that the answer of the witness was that "they would be worth on the market that day" about $5.70 a hundred pounds. This left to the jury the question as to what the weights were, with a price per hundred, to be used as a basis for ascertaining the value of the property. The answer of the witness was

responsive to the question as framed, and we cannot see that the court erred in allowing the witness to answer. The fact that the jury found the value to be the sum fixed by the witness in computing 775 pounds at $5.70 a hundred, or $44.17, seems to indicate that they found the weight to be as stated in the question.

It is next claimed that the evidence failed to show that plaintiff in error entertained any malice as against the owner of the property at the time it is said he shot and killed the hogs. This was a question for the jury. To say nothing of the mere fact of killing the stock, if done wantonly, being proof of malice, if the jury believed the testimony of the witness Bolden, who claimed and testified that he witnessed the killing, as they must have done in order to return the verdict of guilty, the declarations of the plaintiff in error at the time of the killing were sufficient to show personal malice against the owner. The testimony of this witness, briefly stated, was to the effect that the stock killed were trespassing on the farm of one Mrs. Lamb, for whom plaintiff in error was working in repairing a fence; that plaintiff in error and Bolden went to where the hogs were, and that plaintiff in error began shooting them, and at the same time making threats against the owner, should he object or retaliate. This, if true, would be sufficient proof of malice.

Instructions numbered 8, 10 and 18 are sharply criticised by counsel for plaintiff in error. These instructions were given by the court upon its own motion, and none of them was excepted to, and therefore we cannot, properly, consider them. However, we have examined them, and cannot see that they misstated the law.

Finding no reversible error in the record of which complaint is made, it follows that the judgment of the district court must be, and is,

AFFIRMED.