STATE, EX REL. CHARLES A. FLIPPIN, APPELLANT, V. GUSTAV SIEVERS, SHERIFF, APPELLEE.

FILED JUNE 15, 1918. No. 20243.

1. **Habeas Corpus: RES JUDICATA.** The principle of *res judicata* does not apply in cases of habeas corpus to a judgment discharging the prisoner, when such previous discharge was not upon the merits, but for defect of proof, such as failure to prove venue, or where a new state of facts, warranting his restraint, is shown to exist, different from that which existed at the time the first judgment was rendered.

2. ———: DISCHARGE: EVIDENCE. Where the testimony shows that an offense has been committed and there is testimony tending to show that the accused committed the offense, the court, on a writ of habeas corpus, will not discharge him. The rule, as applied in *In re Balcom,* 12 Neb. 316, approved.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed.*

*Prince & Prince* and *E. G. Kroger,* for appellant.

*Willis E. Reed, Attorney General,* and *John L. Cutright, contra.*

CORNISH, J.

The relator, appellant, detained under a complaint charging him with feticide and homicide, committed upon one Emma Staack, appeals from the order of the district court for Hall county denying his application for a writ of habeas corpus. He contends that the evidence did not show the commission of the crime or any possible connection of the appellant with the crime.

We are of opinion that the evidence was sufficient to justify the magistrate in finding that a criminal abortion was committed upon Emma Staack, resulting in her death. This is the fair inference from the testimony of the three doctors who testified, and, when Doctor Phelan used the word "abortion," he evidently used it in the popular sense of criminal abortion. The evidence also makes it probable that the accused committed the crime. No defensive showing was made. The girl's father testified that he attended her when she was sick, and the witness Bordman testified to an admission by the accused that he had delivered a fetus from her. At a preliminary examination, only a *prima facie* showing is required, and, where the testimony shows that an offense has been committed, and there is testimony tending to show that the accused committed the offense, this court, on a writ of habeas corpus, will not weigh the evidence to see whether it is sufficient. *In re Balcom,* 12 Neb. 316; *State v. Banks,* 24 Neb. 322; *Rhea v. State,* 61 Neb. 15; *Jahnke v. State,* 68 Neb. 154.

The appellant had been previously discharged on habeas corpus on a complaint in the same form and for the same offense as the one under consideration. It is contended that under section 9255, Rev. St. 1913, the previous discharge is *res judicata.* It appears that the first discharge was ordered on the ground "that the record fails to show that any crime was committed in Hall county, Nebraska," the place alleged. Section 9255, *supra,* is in part as follows: "Any person who shall be set at large upon any habeas corpus, shall not be again imprisoned for the same offense, unless by the legal order or process of the court wherein he or she shall be bound by recognizance to appear, or other court having jurisdiction of the cause or offense." This is substantially the same law as in England, and in most of the states, as to the effect of a discharge. It is generally held that, where on habeas corpus the accused is discharged from custody for reasons that do not go to the merits of the

offense, such as failure to prove the venue, such discharge and acquittal are not a bar to a subsequent prosecution, in which venue or a new state of facts is shown. Applying this rule, which we believe to be the proper one, we are of opinion that appellant is not entitled to be discharged from custody on this ground. 12 R. C. L. p. 1254, sec. 72; Church, Habeas Corpus (2 ed.) sec. 386; *Attorney General of Hong Kong v. Kwok-a-Sing*, 5 P. C. (Eng.) 179; *Yates v. Lansing*, 5 Johns. (N. Y.) 282; *Barbee v. Weatherspoon*, 88 N. Car. 19.

AFFIRMED.

HAMER, J., not sitting.