THOMAS LIMMERICK V. STATE OF NEBRASKA.

FILED JANUARY 7, 1931. No. 27179.

*C. E. Walsh,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Irvin Stalmaster, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and PAINE, District Judge.

PAINE, District Judge.

Defendant was tried in Douglas county upon an information charging him with stealing an automobile, in the first count, upon which the jury found him not guilty; but the jury found him guilty on count two, which charged him with receiving a stolen automobile, knowing it to have

been stolen. He was given a sentence of seven years in the penitentiary, which term he is now serving, and brings the case here on a petition in error.

The evidence disclosed by the bill of exceptions may be stated briefly as follows: William N. Gladfelter parked his Chevrolet sedan in front of the Omaha Gospel Tabernacle on Douglas street at 7:45 p. m. January 14, 1929, leaving it with the doors and ignition locked. When he came out of the service at 9:15 p. m. the automobile was gone, and Reverend R. R. Brown notified the police at 9:20 p. m., and at 10:00 p. m. three vigilant officers of the Council Bluffs force saw the stolen car, of which they had received notice, pass them at the east end of Council Bluffs on the Lincoln Highway. Pursuit was made of the fleeing car and, with an officer on the running board calling for them to halt, it was necessary to head the car off the highway some hundred feet, where it crashed into the police car, bending a front axle.

The defendant was driving the stolen car and gave his name as Clark when first arrested. His brother Earl pointed a shot gun at the arresting officers, and the other two in the car were Campbell and Hunt. After defendant got out of the car and turned around, a revolver was found on the ground at his feet and shells to fit it were found in his pocket.

While being taken to Omaha the next morning by two Omaha officers, the defendant stated that he had rented the stolen car of a man named Blackie at the Capitol pool hall on Fourteenth and Douglas streets in the city of Omaha, and after so renting the car he had driven it over to Council Bluffs, and when the officers ran the car down he was found at the wheel.

Careful investigation disclosed that "Blackie" was an imaginary person, neither the proprietor nor others having heard of such a man. The defendant testified that he and his brother Earl left their home in Omaha by street car at 7:30 p. m., and in going to Council Bluffs passed close by the place where the stolen car was parked. He said that Campbell, driving the car in question, called for them

in Council Bluffs, and that Campbell was driving when they were apprehended, and on the trial denied that he had told the Omaha officers that he had rented the car in Omaha.

Sixteen errors are set out in the petition in error. The principal ones relied on for reversal are: Failure to prove intent; failure to prove the defendant received the car, knowing it to have been stolen; failure to lay a foundation and show that his admissions to the police officers were made voluntarily and without inducement of any kind; and because the court failed to instruct the jury as to the law of alibi.

It is strongly contended that no one can be found guilty until it is first shown that a crime has been committed and the *corpus delicti* proved beyond a reasonable doubt. *Chezem v. State,* 56 Neb. 496; 17 R. C. L. 64, sec. 69. And it has been held that a confession is not sufficient evidence of the *corpus delicti*. *Priest v. State,* 10 Neb. 393. But the later trend of authority is away from the strict holdings of the earlier cases.

The rule that the *corpus delicti* cannot be proved by the confession of the defendant is true as a general proposition, yet confessions or admissions may be considered in connection with the other evidence to establish the *corpus delicti*. It is not necessary to prove the *corpus delicti* by evidence entirely independent and exclusive of the confession or admissions. *Groover v. State,* 82 Fla. 427; 26 A. L. R. 380; 17 R. C. L. 64, sec. 69.

Guilty men would often escape just punishment if the rule prevailed, as in early times, that a conviction could not be obtained in a homicide case unless the *corpus delicti* was proved by direct evidence which necessitated the finding of the victim's body in every case. 2 Hale, Pleas of the Crown, 290. This rule made murderers safe if the body of the victim was burned or placed in the bottom of the sea. *United States v. Gibert,* 2 Sumn. (U. S. C. C.) 19, 27.

Our court has recently held: "But, while a voluntary admission tending to prove a crime is insufficient standing alone to prove the *corpus delicti*, it is competent evidence,

and may with slight corroborating circumstances be sufficient to warrant a conviction." *Egbert v. State,* 113 Neb. 790.

One charged with a felony cannot be convicted solely upon his own voluntary admissions to police officers, yet where strong circumstantial evidence consistent with the defendant's guilt is shown and slight evidence even remotely consistent with his innocence is produced in opposition thereto, the evidence may be sufficient to warrant a conviction.

The defendant claims that the failure of the trial court to give an instruction on alibi is a vital error. The assistant attorney general in his brief gives a sufficient answer to this objection by his statement that the defendant's witnesses testified that he was elsewhere at the moment the automobile was stolen, and as the jury acquitted him on the count which charged him with stealing the car, the failure to give the instruction on alibi is a moot question and need not be considered.

In regard to the other questions presented we do not regard them of sufficient importance to show prejudicial error.

The judgment of the district court is

AFFIRMED.