FRANK HARMER v. STATE OF NEBRASKA.

FILED OCTOBER 16, 1931. No. 27871.

*D. W. Livingston* and *W. A. Robertson*, for plaintiff in error.

*C. A. Sorensen*, Attorney General, and *Clifford L. Rein*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Frank Harmer was charged with stealing three hogs valued at $60. The information was based on section 28-523, Comp. St. 1929. The jury found defendant guilty. He was sentenced to imprisonment in the penitentiary for an indeterminate period of one to three years.

Before pleading not guilty in the district court, defendant filed a plea in abatement, the essence of which is that the preliminary hearing in the county court did not establish the guilt of the defendant, did not establish probable cause, and that he, through his counsel, was not permitted to make further proof of his innocence by cross-examination of the state's witnesses. The state demurred to this plea and its demurrer was sustained.

The evidence presented on the preliminary hearing was preserved. It was sufficient to show probable cause under section 29-506, Comp. St. 1929. See *Jahnke v. State,* 68 Neb. 154; *State v. Sievers,* 102 Neb. 611. As to the refusal of the magistrate to allow further cross-examination of the state's witnesses, while it would have seemed the fair and proper thing to do, yet the questions indicate that it was not strictly cross-examination on any specific testimony given by the witnesses, but that defendant sought to elicit new and further evidence. In the reception of evidence a committing magistrate is not strictly governed by the technical rules applicable on a final trial. 16 C. J. 325. Moreover, defendant could have made these witnesses his own when it came his turn to present evidence in opposition. He failed to do so. The district court did not err in sustaining the demurrer to the plea in abatement.

In his opening statement to the jury the county attorney stated more than he was able to prove. It was pertinent and he tried to prove it, but it was excluded. The record does not show that he acted in bad faith. This does not constitute prejudicial error. 16 C. J. 889, 890.

The chief question in this case is whether the evidence sustains the verdict and judgment. Jensen and Hunterman, from whom the hogs were alleged to have been stolen, had 100 hogs. They had marked these with two rings in

the nose and a V-shaped cut in the outer middle of the right ear. About June 7, 1927, they counted their hogs and found only 97. They were in the habit of counting them about once a week, but counted them this day because Jensen and a hired man had found in their cornfield, when cultivating corn that day, three envelopes and inclosures addressed to the defendant. These letters had been received in the mails. Two were postmarked June 2, 1927, and one June 3, 1927. Nearby they found the tracks of a man and a hog. They ran these tracks back to their feed lot. Later they went to defendant's farm, about four miles away, and found one of the hogs. The rings had been removed from its nose and the earmark had recently been operated on so as to cut off much of the lower part of the V. Defendant did not claim the hog. There was evidence that this hog was not well received by defendant's hogs and that they treated him as an interloper. The other hogs were not found. Defendant's explanation of the finding of his letters in the cornfield was that he never locked the doors of his house and had discovered, about June 10, that some one had stolen his hat and his coat containing these letters. The circumstances made a case for the jury.

Other errors are asserted by defendant, but we find no prejudicial error in the record. The judgment of the district court is

AFFIRMED.