PEOPLE *v.* WHITE.

1. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE—CONFESSIONS.
   The *corpus delicti* cannot alone be established by the extra-judicial confession of an accused.

2. Same—Evidence—Larceny—Conspiracy—Probable Cause.
   Evidence at examination, aside from extra-judicial confessions, *held*, insufficient to establish probable cause that either larceny or conspiracy to steal spark plugs had been committed or that defendants were connected therewith.

Appeal from Genesee; Hart (Ray), J., presiding. Submitted January 16, 1936. (Docket No. 115, Calendar No. 38,296.) Decided June 11, 1936.

Andy White and Arthur Lancto were convicted of receiving stolen property. Reversed, and defendants discharged.

*Stockton, Cline & George,* for appellants.

*David H. Crowley,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, and *Andrew J. Transue,* Prosecuting Attorney, for the people.

Bushnell, J. Defendants were arrested and arraigned before a justice of the peace on a warrant charging them and others with the larceny of 100 cartons of spark plugs valued at $2,800, larceny from a factory without breaking and with conspiracy to commit larceny. The production manager of the spark plug manufacturer testified that between January 1, 1933, and June 26, 1933, approximately 13,000,000 spark plugs were produced in his plant, and that an inventory disclosed the fact that 21,541 were missing. Over defendants' objection, the people then introduced testimony to show admissions on the part of defendants and the transcript of the unsigned statements made by them in answer to questions by detectives of the police force of the city of Flint. A motion to dismiss was denied and defendants were held for trial.

Upon arraignment in the circuit court on an information charging larceny, unlawful entry with intent to steal and conspiracy to steal, defendants pleaded not guilty. They were again arraigned about two months later upon an amended information containing similar charges, but to which was added a count charging them with receiving and concealing stolen property. They stood mute and were tried following a denial of their challenge to the array and a separate motion to quash the information. A jury found them guilty of receiving stolen property.

In a motion for new trial the claimed errors, including the trial court's failure to grant the motion to quash the information, were argued and denied, to which exceptions were duly entered.

It appears to be well settled that the *corpus delicti* cannot alone be established by the extrajudicial confession of an accused. If the admissions, which were in the nature of confessions, be eliminated from the testimony taken by the examining magistrate, that which remains is not sufficient to establish probable cause that the crime of either larceny or conspiracy to steal has been committed by anyone. Aside from the confessions, there was not sufficient testimony in the examination to connect defendants with the offenses charged in the warrant. Mere shortage of 21,541 spark plugs out of 13,000,000, is not, of itself, sufficient evidence of theft. The motion to quash should have been granted. *People* v. *Lee,* 231 Mich. 607.

It is unnecessary to consider the other questions raised by this appeal. The failure of the people to sustain their charge may be unfortunate, in view of the subsequent testimony at the trial, but it would

be more unfortunate to upset established and well-understood rules of law.

Further proceedings, if any, must be upon a new complaint but in the light of the record now before us, the judgments of conviction must be reversed.

The judgments are reversed and the defendants discharged.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. TOY, J., did not sit. POTTER, J., took no part in this decision.