IN RE APPLICATION OF WILLIAM BIRDSLEY FOR A WRIT OF HABEAS CORPUS. WILLIAM BIRDSLEY, APPELLEE, V. GEORGE F. KELLEY, SHERIFF OF NEMAHA COUNTY, APPELLANT.

65 N. W. 2d 328

Filed July 9, 1954. No. 33548.

*Clarence S. Beck,* Attorney General, *Robert A. Nelson,* and *Fred C. Kiechel,* for appellant.

*Robert S. Finn* and *Dwight Griffiths,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action wherein William Birdsley filed an application for a writ of habeas corpus against George F. Kelley, sheriff of Nemaha County, Nebraska, respondent, wherein the applicant charged that he was unlawfully restrained of his liberty. The writ was allowed and the applicant was ordered discharged. From the order allowing the writ and discharging the applicant from custody the respondent has appealed. The respondent is appellant and the applicant is appellee.

The basic facts are that on December 1, 1953, a criminal complaint was filed in the county court of Nemaha County, Nebraska, charging that the appellee on September 19, 1953, in Nemaha County, Nebraska, caused the death of Alvin Carl Steffens and Dale Bize while he was engaged in the unlawful operation of a motor vehicle and that thereby he was guilty of motor vehicle homicide.

A preliminary examination was held on the charge, at the conclusion of which appellee was held to the district court for trial, and for failure to enter into the recognizance required of him he was committed to the county jail and to the custody of appellant to await trial.

After thus being committed the appellee filed his application for writ of habeas corpus. The basis of his claim for a writ is his contention that the evidence adduced at the preliminary examination was insufficient to show that the crime charged had been committed and

was further insufficient to show that if the crime charged was committed that it was probably committed by the appellee.

The controlling legal principles are well settled and require statement only herein.

It is the rule in this jurisdiction that the sufficiency of the evidence adduced at a preliminary examination to hold an accused to answer for a crime with which he has been charged may be raised and tried in habeas corpus proceedings. Jahnke v. State, 68 Neb. 154, 94 N. W. 158; State ex rel. Flippin v. Sievers, 102 Neb. 611, 168 N. W. 99.

In such a proceeding if the evidence shows that an offense has been committed and there is testimony tending to show that the accused committed the offense, the court will not weigh the evidence further to see whether or not it is sufficient to sustain the charge. Jahnke v. State, *supra;* State ex rel. Flippin v. Sievers, *supra.*

In the light of these rules the district court examined the evidence adduced at the preliminary hearing and came to the conclusion and adjudicated that this evidence was insufficient upon which to hold appellee to the district court for trial. It is from this conclusion and adjudication that the appeal herein is taken. This requires an examination and review of the evidence.

The incidents involved occurred in the nighttime and on a public highway in the State of Nebraska. Appellee was the owner of a 1950 Ford automobile. He appeared with it in Falls City, Nebraska. He stopped at a refreshment place in Falls City where he was seen to obtain some beer in cans or bottles which he took to the driver's side of his automobile. He entered the automobile and the automobile proceeded northward toward Auburn, Nebraska. Auburn is about 35 miles distant. From the point of departure to the scene of the incidents which are the basis of the criminal charge the automobile was operated at speeds at different points estimated by an eye witness from 60 to 95 miles an hour. This

witness was the operator of another 1950 Ford automobile. The two automobiles went along in close proximity one to the other, with one sometimes in front and sometimes the other. When the two automobiles were a few miles south of Auburn the witness stated that he was traveling from 90 to 95 miles an hour and appellee was following with the distance separating the two about one-half of or the length of an automobile, appellee's automobile traveling on a line about 2 feet farther toward the left side of the highway than was that of the witness. An automobile was observed coming from the opposite direction on its right side of the highway. The witness passed this automobile without incident. As soon as he passed however he no longer observed the automobile of appellee following. He had been observing it in his rear vision mirror. He went on for some distance and turned and came back. When he returned the automobile which had come from the north was standing in the highway with its front end somewhat across the center line to the east. This witness had not yet found out what had become of appellee's automobile. The driver of the automobile which came from the north testified that his automobile while on its right side of the road was side-swiped by appellee's automobile. The sheriff came to the scene and he testified as to the position and condition of appellee's automobile and of persons who had been occupants thereof. He testified that the automobile had left the highway and turned over and that two of the occupants, namely Alvin Carl Steffens and Dale Bize, were dead. This he observed to be several hundred feet north of the point of the side-swiping of the two cars. The witness whose automobile traveled along with that of appellee did not testify that he saw appellee get into the driver's seat at Falls City but he gave testimony the purport of which was that appellee was driving during the incidents which he observed between Falls City and the point where he last saw appellee's automobile on the highway.

It is clear from this résumé of the pertinent evidence, the principles of law hereinbefore announced, and appropriate statutes that it was proved sufficiently that the crime of motor vehicle homicide was committed.

The statute to the extent necessary to set it forth here defining motor vehicle homicide is as follows: "Whoever shall cause the death of another without malice while engaged in the unlawful operation of a motor vehicle shall be deemed guilty of a crime to be known as motor vehicle homicide * * * ." § 28-403.01, R. S. Supp., 1953.

By section 39-723, R. R. S. 1943, it is made unlawful to drive a motor vehicle on a public highway at night in excess of 50 miles an hour.

The evidence on which the county court relied in holding the appellee to the district court for trial was sufficient on which to base a finding that the two people came to their death in consequence of the operation of appellee's automobile on a public highway of the State of Nebraska at a rate of speed in excess of 50 miles an hour. Thus within the meaning of the law the commission of a crime was proved.

The proof was also sufficient to permit the county court on the preliminary examination to find that the appellee probably committed the proved crime.

This being true it was error on the part of the district court to sustain the petition for writ of habeas corpus and to order appellee released from the custody of the appellant.

The judgment of the district court is reversed and the cause is remanded with directions that the appellee be recommitted to the custody of appellant.

REVERSED AND REMANDED WITH DIRECTIONS.