IN RE APPLICATION OF DONALD DALE COTNER FOR A WRIT OF HABEAS CORPUS.
DONALD DALE COTNER, APPELLANT, v. THOMAS S. SOLOMON, SHERIFF OF CASS COUNTY, NEBRASKA, APPELLEE.

80 N. W. 2d 587

Filed January 25, 1957. No. 34059.

*Tesar & Tesar* and *Walter H. Smith,* for appellant.

*James F. Begley,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

In a complaint filed in the county court of Cass County, defendant was charged with the crime of indecent

fondling of a minor. In that connection, the alleged offense is defined by section 28-929(2), R. R. S. 1943. The offense allegedly occurred on August 24, 1955, and involved one named minor girl 5 years old, and one named minor girl 6 years old. They were sisters. Pursuant to the complaint, defendant was arrested and pleaded not guilty. Thereafter he was accorded a preliminary hearing whereat the county court having jurisdiction found "that a crime has been committed and that there is a possibility that the crime may have been committed by the defendant." Defendant was then ordered bound over to the district court for trial, with the amount of his bond continued at $1,000.

Subsequently defendant, as relator, sought release and discharge from custody of respondent, Thomas S. Solomon, the sheriff of Cass County, by a habeas corpus action filed in the district court upon the alleged ground that there was no competent and sufficient evidence adduced at the preliminary hearing that a crime had been committed or that there was probable cause to believe that defendant committed the alleged offense. At the hearing upon the merits of the habeas corpus action a full and complete transcript of the proceedings had and evidence adduced at defendant's preliminary hearing, including a voluntary statement made by him to the sheriff at about 9 p. m., August 24, 1955, was offered by relator and received in evidence by stipulation. Thereupon the trial court denied the writ and refused to release and discharge relator, who for clarity will be hereinafter called defendant. Thereafter his motion for new trial was overruled and defendant appealed to this court, assigning in substance that the trial court erred in finding that the evidence adduced at the preliminary hearing was sufficient to hold accused for trial in the district court, and erred in failing to release and discharge him from custody pursuant to his request for a writ of habeas corpus. We conclude that the assignment should not be sustained.

At the beginning of the preliminary hearing witnesses for the State, except the sheriff, were segregated at request of defendant, who offered no testimony in his own behalf. The first witness called by the State was one of the minor girls alleged to have been fondled and massaged in an indecent manner by defendant. However, after vigorous examination by counsel for defendant to test her competency as a witness, she became confused and frightened, and sobbingly refused to tell the truth, so she was withdrawn as a witness.

The other minor girl alleged to have been fondled and massaged in an indecent manner by defendant was then called as a witness by the State. She gave her name, together with the names of her father and mother. She said that she was 5 years old and attended kindergarten school, First Ward, and the Baptist Sunday School. She testified at length with regard to her knowledge of the truth and the consequences of untruth. Despite vigorous examination by counsel for defendant to test her competency as a witness, she finally qualified, and over objections of defendant's counsel, she was duly sworn as a witness. As such she identified defendant as Donald Cotner who drives the bus which was kept in defendant's garage close to their house in Plattsmouth. She testified that she and her little brother got in defendant's bus outside of his garage and rode into the garage while defendant was driving it. As soon as the bus got in the garage her brother got out of it but she stayed in for a little while. She did not know what defendant did to her, but he tickled her once. However, she would not tell where on her body defendant had tickled her because she was afraid a cop, "I mean the sheriff," whom she had previously identified, might pick her up, and "I wouldn't dare say it * * * Because I just wouldn't dare * * * Because I just don't want to."

The State then called the sheriff as a witness. He testified that in the course of his duties as sheriff he made an investigation with reference to an incident between

defendant and the minor girls involved, which occurred in defendant's garage. The sheriff was notified of it about 6 p. m., August 24, 1955, by oral complaint over the phone from the residence of the girls' parents, who lived in the second house west of defendant's garage. However, the sheriff was then otherwise engaged and could not respond to such call until between 6:30 and 7 p. m. He then had a discussion or conversation in defendant's garage with defendant and another man whose little 3-year-old girl had been indirectly involved in the incident. Thereafter the sheriff told such other man to come to the sheriff's office and bring his wife and child with him. The sheriff then took defendant to the county jail. After talking with such persons in his office, the sheriff had defendant come to his office. Defendant was then questioned with regard to the incident between him and the two minor girls. There, at about 9 p. m. on August 24, 1955, without any threats or promises having been made against or to defendant, and after defendant had been fully advised of his constitutional rights, he voluntarily made and signed a 2-page typewritten question and answer statement in the presence of the sheriff and deputy sheriff as witnesses thereto.

Prior to making the statement the sheriff, defendant's father, and defendant had a conversation on the staircase of the jail whereat defendant admitted that he had fondled the two girls involved in an indecent manner, and expressed a desire to make a statement about the incident. Defendant's father then began to cry and walked over to his car, whereupon the sheriff and defendant went to the sheriff's office where the typewritten statement was voluntarily made by defendant. It was offered by the State and received in evidence at the preliminary hearing.

It would serve no purpose to recite herein the salacious and revolting details of defendant's statement. It is sufficient for us to say that therein he voluntarily admitted that he had deliberately committed the offense

as charged in the complaint; furthermore, he also admitted that he had committed a like offense upon one of the little girls upon an occasion other than that charged in the complaint.

In the light of the foregoing evidence and authorities hereinafter cited and discussed, we conclude that the trial court did not err in refusing to release and discharge defendant.

Among other authorities, defendant cited and relied upon People v. White, 276 Mich. 29, 267 N. W. 777, wherein the court said: "It appears to be well settled that the corpus delicti cannot alone be established by the extrajudicial confession of an accused. If the admissions, which were in the nature of confessions, be eliminated from the testimony taken by the examining magistrate, that which remains is not sufficient to establish probable cause that the crime * * * has been committed by anyone. Aside from the confessions, there was not sufficient testimony in the examination to connect defendants with the offenses charged in the warrant." In that connection, defendant argued here that there was no competent evidence adduced at defendant's preliminary hearing to prove corpus delicti except the admissions of defendant. We do not agree with that contention.

In Birdsley v. Kelley, 159 Neb. 74, 65 N. W. 2d 328, we held that: "The sufficiency of evidence adduced at a preliminary examination to hold an accused to answer for a crime with which he is charged may be raised and tried in habeas corpus proceedings.

"In a habeas corpus proceeding instituted for the purpose of testing the sufficiency of evidence taken at a preliminary examination to require a person to be tried on a criminal charge, the court will not weigh the evidence but will only inquire as to the existence of evidence to sustain the charge."

In Gallegos v. State, 152 Neb. 831, 43 N. W. 2d 1, in dealing with a trial on the merits in the district court,

we held: "While a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is, nevertheless, competent evidence of that fact, and may, with slight corroborative circumstances, establish the corpus delicti as well as the defendant's guilty participation." In that opinion we quoted with approval the following from Limmerick v. State, 120 Neb. 558, 234 N. W. 98: " 'The rule that the corpus delicti cannot be proved by the confession of the defendant is true as a general proposition, yet confessions or admissions may be considered in connection with the other evidence to establish the corpus delicti. It is not necessary to prove the corpus delicti by evidence entirely independent and exclusive of the confession or admissions. Groover v. State, 82 Fla. 427; 26 A. L. R. 380; 17 R. C. L. 64, sec. 69.' " Thereafter, citing Egbert v. State, 113 Neb. 790, 205 N. W. 252, Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627, and Clark v. State, 151 Neb. 348, 37 N. W. 2d 601, we said: "This principle has often been reaffirmed by this court."

As early as In re Application of Balcom, 12 Neb. 316, 11 N. W. 312, this court said: "A writ of habeas corpus is not a proceeding to correct errors, and where it appears that the court whose action is sought to be reviewed had jurisdiction; that an offense has been committed, and there is testimony tending to show that the accused committed the offense, this court in this proceeding will not weigh evidence to see whether it is sufficient to hold the accused."

Such case was cited with approval in Jahnke v. State, 68 Neb. 154, 94 N. W. 158, wherein this court said: "It is the rule in this jurisdiction that while the question of the sufficiency of the evidence introduced at a preliminary examination to hold an accused to answer for a crime with which he is charged may be raised and tried in habeas corpus proceedings, yet where it appears that the court had jurisdiction, that an offense had been committed, and there is testimony tending to

show that the accused committed the offense, the court will not weigh the evidence further to see whether it was sufficient to hold the accused on the ground of probable cause. It is not necessary in such cases that the evidence should be sufficient to support a verdict of guilty, or show guilt beyond a reasonable doubt." Rehearing was granted in that case at 68 Neb. 181, 104 N. W. 154, whereat the judgment on the merits after defendant was found guilty by a jury was reversed, but that part of the original opinion relating to preliminary hearing was not disturbed. Both such last-cited cases were cited with approval in State ex rel. Flippin v. Sievers, 102 Neb. 611, 168 N. W. 99, which reaffirmed in principle the rule heretofore quoted therefrom.

In Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716, we said: " 'A preliminary hearing before a magistrate is not a criminal prosecution or trial within the meaning of section 11, art. 1 of our Constitution.' Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666.

"The functional purpose of the preliminary hearing is stated in section 29-506, R. R. S. 1943, as follows: 'If upon the whole examination * * * it shall appear that an offense has been committed and there is probable cause to believe that the person charged has committed the offense, the accused shall be committed to the jail of the county in which the same is to be tried, there to remain until he is discharged by due course of law; * * *.'

" 'It is in no sense a trial of the person accused. Its purpose is to ascertain whether or not a crime has been committed, and whether or not there is probable cause to believe the accused committed it.' Roberts v. State, *supra*.

"The effect of the foregoing, if found to exist, is to hold the accused for trial in the district court, which has jurisdiction to try him. See Dobrusky v. State,

140 Neb. 360, 299 N. W. 539." That is what the county court of Cass County did.

In that connection, defendant also argued that the county court did not find that there was probable cause to believe that defendant committed the offense as required by section 29-506, R. R. S. 1943, but rather erroneously found that there was a "possibility" that defendant committed it. Defendant's contention has no merit.

In Carson v. State, 80 Neb. 619, 114 N. W. 938, after citing authorities, this court said: "It is true that before an accused can be legally held to answer a criminal charge upon information he is entitled to a preliminary examination, and there must be proof and a judicial determination that an offense has been committed and that there was probable cause to believe the defendant guilty as charged in the complaint. But that does not conclusively argue that it is necessary, in the absence of a statute requiring it, that these findings should be entered, technically, or at all, upon the docket. Jurisdiction having been obtained, the preliminary examination had, and the accused recognized to the district court would probably be enough to be shown by the record to confer jurisdiction upon the prosecuting attorney to file the information and upon the district court to try the accused." That statement is controlling under the comparable circumstances and record presented in the case at bar.

In the light of the evidence heretofore set forth and authorities cited herein, we conclude that the judgment of the trial court should be and it hereby is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I dissent. It is a serious matter when we determine debatable questions of fact insofar as they relate to an individual person. It is also a serious matter when in the process, we determine rules of law that hereafter will apply to all persons accused of an offense

against the laws of this state where a preliminary hearing is a prerequisite. Section 29-506, R. R. S. 1943, provides that if it shall appear that no offense has been committed *or* that there is no *probable* cause for holding the accused "he shall be discharged." That condition is in the alternative. The statute further provides that if it appears that an offense has been committed *and* that there is probable cause to believe that the person charged has committed the offense then the accused shall be committed. That condition is in the conjunctive.

Here the examining magistrate found that an offense had been committed and that there was a "possibility" that the defendant had committed it.

Here this court examines the record and finds that there is evidence of probable cause. We have from the beginning to as late as Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716, sustained the proposition that the purpose of the preliminary hearing is to ascertain whether or not a crime has been committed and whether or not there is probable cause to believe the accused committed it.

That duty the law places upon the examining magistrate. Here the examining magistrate found only that there was a *possibility* that the accused committed the offense. Obviously he refused to find probable cause. The law clearly requires that finding as to a condition to a commitment—otherwise "he shall be discharged."

Carson v. State, 80 Neb. 619, 114 N. W. 938, relied on by the court, does not sustain the holding made here. In that case there was no finding that an offense had been committed. There was a finding of probable cause. We held there that there must be *"a judicial determination* that an offense had been committed and that there was probable cause to believe the defendant" had committed the offense. The Attorney General in the Carson case argued that the finding of probable cause had implicit in it a finding that an offense had been com-

mitted. But from that it does not follow that a finding that an offense has been committed has implicit in it a finding of probable cause that the defendant committed it. So fact-wise, that case is not controlling here. The most that that case holds is that "these findings" need not be entered upon the docket. Here an essential finding to hold the accused was not made, and that fact appears affirmatively from the record. In the absence of a "judicial determination" of probable cause and the presence of a finding of only possible cause, I would hold that the examining magistrate was without power to commit the accused for trial. Stated in the language of the statute, he should be discharged. Such is the mandate of the statute.