IN RE APPLICATION OF LAWRENCE PRIBYL FOR WRIT OF HABEAS CORPUS.
STATE EX REL. LAWRENCE PRIBYL, APPELLANT, V. LLOYD FRANK, SHERIFF OF BUFFALO COUNTY, NEBRASKA, APPELLEE.

85 N. W. 2d 328

Filed October 11, 1957. No. 34216.

*Dryden & Jensen,* for appellant.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

In this action the relator filed a petition for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by Lloyd Frank, Sheriff of Buffalo County, Nebraska. The trial court denied the writ and relator appeals.

The record shows that on October 24, 1956, relator was charged with the crime of motor vehicle homicide. He was given a preliminary hearing in the county court of Buffalo County. Upon the evidence presented, the county court found that the crime of motor vehicle homicide was committed and that there was probable cause to believe that the relator committed it. He was thereupon bound over to the district court. It is the contention of the relator that the evidence was insufficient to hold the relator for trial in the district court and that the trial court erred in not so holding.

It is not questioned that the sufficiency of the evidence adduced at a preliminary hearing to hold an accused to answer for a crime with which he is charged may be tested in a habeas corpus proceeding. Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357.

The evidence at the preliminary examination was substantially as follows: Ted Mills testified that he was 24 years of age and a student at the Kearney State Teachers College. On October 22, 1956, between 7 and 7:20 o'clock p.m., Mills and the deceased, Vera Marie Bartu, started south across the street south of Case Hall. Mills stated that he wanted to look up a couple of matters in the library. The deceased stated that if he was going to do some work she would get a couple of books. Mills proceeded into the street and, when he stated it would take only a few minutes, the deceased followed him. Mills stated that he heard a "bang as the shocks of a car hit rock bottom as they hit the dip at the end of the block." He said " 'watch out for the car' and then the car was right there, it came roaring down the street and hit her." Mills testified that in his opinion the car was travelling in excess of 45 miles per hour. This was in excess of the maximum speed limit at the place of the accident.

Dr. O. R. Hayes testified that he arrived at the scene of the accident shortly after its occurrence. He examined the body of the deceased at the place of the accident and subsequently at the mortuary. He testified that she was dead when he arrived at the scene of the accident. He testified further that deceased had suffered a compound comminuted fracture of both bones of the right lower leg, a comminuted fracture of the left lower leg, a comminuted fracture of the left upper leg, a fracture of the spine at the level of the lower rib margin, a neck fracture which was a pulverized mass of bones in the neck, and minor scratches on the hands and lower arms. He testified that this was an instantaneous death resulting from trauma which created numerous fractures

of the cervical spine and a severance of the spinal cord. The evidence as to speed and the nature of the injuries sustained by the deceased is sufficient to sustain the order of the county court holding the defendant for trial on the offense charged.

The rule is stated in Jahnke v. State, 68 Neb. 154, 94 N. W. 158, as follows: "It is the rule in this jurisdiction that while the question of the sufficiency of the evidence introduced at a preliminary examination to hold an accused to answer for a crime with which he is charged may be raised and tried in habeas corpus proceedings, yet where it appears that the court had jurisdiction, that an offense had been committed, and there is testimony tending to show that the accused committed the offense, the court will not weigh the evidence further to see whether it was sufficient to hold the accused on the ground of probable cause. It is not necessary in such cases that the evidence should be sufficient to support a verdict of guilty, or show guilt beyond a reasonable doubt." See, also, Birdsley v. Kelley, 159 Neb. 74, 65 N. W. 2d 328.

In Schluter v. State, 153 Neb. 317, 44 N. W. 2d 588, we said: "When a person drives a vehicle upon a public thoroughfare at a speed greater than is reasonable and prudent, and in excess of a speed allowed by law for that location, and death of another is caused as a result of the violation, the driver of the vehicle is guilty of manslaughter. The State is not required to show the precise and exact speed of the vehicle, but it is sufficient if it proves that it was in excess of the legal rate, contrary to the law pertaining to the operation of it within the territory embracing the place where the unlawful act took place, and death was caused by the unlawful act." This rule is applicable under the motor vehicle homicide statute. Birdsley v. Kelley, *supra*.

The evidence upon which the county court relied is sufficient on which to base a finding that Vera Marie Bartu came to her death in consequence of the operation

of relator's automobile on a public street at a rate of speed greater than is reasonable and proper or a rate of speed in excess of the limit fixed by law at the place where the accident occurred. Within the meaning of the law a crime was proved. The evidence shows that relator was the driver of the car. This is sufficient evidence to sustain a finding that relator probably committed the crime.

The trial court properly denied the petition for a writ of habeas corpus and the judgment of the district court is therefore affirmed.

AFFIRMED.