IN RE APPLICATION OF VINCENT SKINNER FOR A WRIT OF HABEAS CORPUS.
VINCENT SKINNER, APPELLEE, v. LESTER JENSEN, SHERIFF OF SHERIDAN COUNTY, NEBRASKA, APPELLANT.
135 N. W. 2d 134

Filed May 14, 1965. No. 35896.

Everett A. Anderson and Michael V. Smith, for appellant.

Charles A. Fisher and Charles F. Fisher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

A complaint was filed in the county court of Sheri-

dan County, Nebraska, charging the relator, Vincent Skinner, with manslaughter in the death of Sophie Plenty Wounds. A preliminary hearing was held and the relator ordered committed to the county jail until discharged according to law or until bail in the amount of $5,000 was furnished.

The relator then commenced this action to obtain a writ of habeas corpus upon the ground that his imprisonment was unlawful because the evidence produced at the preliminary hearing was not sufficient to sustain the order of the county court. The trial court found that the detention of the relator was unlawful and ordered that he be discharged from custody. The respondent, who is the sheriff of Sheridan County, Nebraska, has appealed from that order.

A transcript of the evidence introduced at the preliminary hearing was attached to and made a part of the petition. This evidence tends to show that Sophie Plenty Wounds appeared to be in good health on April 14, 1964; that she spent the night of April 14, 1964, at the relator's house in Gordon, Nebraska, on his bed; that the relator and Sophie Plenty Wounds were in the relator's house from about 7 p. m. on April 14, 1964, until about 8 a. m. on April 15, 1964; that on the morning of April 15, 1964, Sophie Plenty Wounds was found lying on the floor at the side of the bed in the relator's house; that she was unconscious and had no clothes on; that she had severe bruises upon her arms, legs, and mouth; that the right side of her face was blue and swollen and her right eye was closed; that the bruise mark on her face extended over to the side of her head near the temple; that she was carried to an automobile and taken to the Pine Ridge Hospital; that she did not recover consciousness; and that on April 22, 1964, she was transferred to the Rapid City Hospital. Over the objection of the relator, a certified copy of a "Death Register" or death certificate was received in evidence. The certificate recited that Sophie Plenty Wounds died at

Rapid City, South Dakota, on April 23, 1964, as a result of head injuries.

The purpose of a preliminary hearing is to ascertain whether there is evidence which justifies holding an accused for trial. Before an accused can be held to answer a charge upon information, he is entitled to a preliminary examination and there must be proof and a judicial determination that the offense has been committed and that there is probable cause to believe that the accused committed the offense. Carson v. State, 80 Neb. 619, 114 N. W. 938; Cotner v. Solomon, 163 Neb. 619, 80 N. W. 2d 587.

A preliminary hearing is not a prosecution or trial. Evidence which will justify a finding by a committing magistrate that probable cause exists for the detention of a defendant need not be sufficient to sustain a verdict of guilty or show guilt beyond a reasonable doubt. State ex rel. Pribyl v. Frank, 165 Neb. 239, 85 N. W. 2d 328.

In a habeas corpus proceeding instituted for the purpose of testing the sufficiency of the evidence produced at a preliminary hearing, the court will not weigh the evidence but will only inquire as to the existence of evidence to sustain the charge. Neudeck v. Buettow, 166 Neb. 649, 90 N. W. 2d 254. Where the testimony shows that an offense has been committed and there is testimony tending to show that the accused committed the offense, the court, on a writ of habeas corpus, will not discharge the accused.

The relator in this case was charged with manslaughter. Manslaughter is the unlawful killing of another, either upon a sudden quarrel, or unintentionally, while in the commission of some unlawful act. § 28-403, R. R. S. 1943. It may consist of the unintentional killing of a person, without malice, resulting from an unlawful assault and battery that in itself is not of a character or intended to cause death. Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349.

In this case the relator was charged with causing the death of Sophie Plenty Wounds from injuries resulting from an unlawful assault and battery upon her. The evidence is sufficient to sustain a finding that an assault and battery was committed upon Sophie Plenty Wounds and that there is probable cause to believe that the relator is guilty of that offense. There is no evidence as to the death or cause of death of Sophie Plenty Wounds other than the certified copy of the South Dakota death register.

The rule in this state is that a death certificate is not competent evidence of the cause of death in a controversy where the cause of death is a material issue. Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761. The basis of the rule lies in the fact that death certificates are made ex parte, without a hearing and without the right of cross-examination.

Except for the death certificate, there was no evidence to establish the death or cause of death of Sophie Plenty Wounds. Thus, the evidence was not sufficient to sustain a finding that manslaughter has been committed and that the relator should be held for trial on that offense.

The preliminary hearing which has been held is not a bar to the filing of a new complaint and a hearing upon the new complaint. See, Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240; Neudeck v. Buettow, *supra;* State ex rel. Flippin v. Sievers, 102 Neb. 611, 168 N. W. 99; Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007; Van Buren v. State, 65 Neb. 223, 91 N. W. 201. If the State has additional evidence which it may wish to present, a new complaint may be filed.

The judgment of the district court is affirmed.

AFFIRMED.