ARNOLD L. LINGO, APPELLEE, V. HERBERT H. HANN, WARDEN OF THE NEBRASKA STATE PENITENTIARY (JOSEPH B. BOVEY, WARDEN, SUBSTITUTED), APPELLANT.

71 N. W. 2d 716

Filed August 19, 1955. No. 33741.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellant.

*Norma VerMaas,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

WENKE, J.

This is a habeas corpus action instituted in the district court for Lancaster County by Arnold L. Lingo who was, at the time he filed his application for a writ on March 19, 1954, an inmate of the State Penitentiary. The district court allowed the writ. A hearing was thereafter had on the writ and the warden's return thereto. The court, based on the evidence adduced at the hearing, ordered the petitioner discharged. The warden filed a

motion for new trial, subsequently amended, and has appealed from the overruling thereof.

We will herein refer to Arnold L. Lingo as the petitioner and to the warden of the State Penitentiary as respondent.

The statute relating to habeas corpus provides: "When the judge shall have examined into the cause of the caption and detention of the person so brought before him, and shall be satisfied that the person is unlawfully imprisoned or detained, he shall forthwith discharge such prisoner from confinement." § 29-2806, R. R. S. 1943.

"Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment sentencing a defendant." Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932. See, also, Swanson v. Jones, 151 Neb. 767, 39 N. W. 2d 557.

"Habeas corpus is a writ of right but not a writ of course, and probable cause must first be shown for its allowance, * * *." In re Application of Dunn, 150 Neb. 669, 35 N. W. 2d 673.

"In a petition for a writ of habeas corpus, if relator sets forth facts which, if true, would entitle him to discharge, then the writ is a matter of right and relator should be produced and a hearing held thereon to determine questions of fact presented, but if relator shows by the facts alleged in his petition for the writ that he is not entitled to relief, then the writ should be denied." In re Application of Dunn, *supra*. See, also, Swanson v. Jones, *supra*.

"* * * if a court or a judge thereof which renders a judgment, or who enters an order, has not jurisdiction to perform the act done, either because the proceeding or the law under which it is taken is unconstitutional, or for any other reason the judgment is void, it may be questioned collaterally, and a defendant who is imprisoned under and by virtue of it may be discharged." In re Resler, 115 Neb. 335, 212 N. W. 765.

"Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose." Jackson v. Olson, *supra*. See, also, Swanson v. Jones, *supra*.

"To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void." Jackson v. Olson, *supra*. See, also, Swanson v. Jones, *supra*.

Petitioner did, on October 12, 1951, in the district court for Buffalo County, plead guilty to the crimes of robbery from the person by putting in fear and of stealing an automobile. See sections 28-414 and 28-522, R. R. S. 1943, for the definitions of what constitute these crimes and the punishment that may be imposed upon anyone found guilty thereof. The court thereupon, within the limits of these statutes, sentenced petitioner to the State Penitentiary for terms of 12 and 5 years respectively on these two counts, ordering the sentences to run concurrently. Petitioner was then taken to the State Penitentiary to serve these sentences and was there confined for that purpose when he instituted this action to be released therefrom.

Petitioner was born on March 31, 1936, and on September 28, 1951, when the crimes to which he pleaded guilty were committed, and on October 12, 1951, when he was sentenced, he was 15 years of age. The principal question raised by this appeal is, did the district court have authority to commit petitioner to the penitentiary? It is petitioner's thought that the district court was without authority to do so because of the Juvenile Court Act. See Ch. 43, art. 2, R. R. S. 1943.

District courts have general and original jurisdiction in criminal cases except when otherwise provided. § 24-302, R. R. S. 1943. The judges thereof may admit persons charged with a felony to plead guilty and then pass

such sentence as may be prescribed by law. Art. V, § 9, Constitution of Nebraska.

Section 28-414, R. R. S. 1943, provides that whoever is found guilty of robbing another by putting in fear shall be imprisoned in the penitentiary for a term of not less than 3 nor more than 50 years. Section 28-522, R. R. S. 1943, provides that whoever is found guilty of stealing an automobile shall be imprisoned in the penitentiary for not less than 1 year nor more than 10 years. These statutes provide that this punishment may be imposed upon all persons found guilty of the crimes covered thereby and the district court may do so unless forbidden by some other legislative act which supersedes these statutes or restricts their operation.

In regard to children under 18 years of age Nebraska's Constitution provides: "The Legislature may provide by law for the establishment of a school or schools for the safekeeping, education, employment and reformation of all children under the age of eighteen years, who, for want of proper parental care, or other cause, are growing up in mendicancy or crime." Art. VII, § 12, Constitution of Nebraska.

The first act of the Legislature in reference thereto was enacted in 1879. See Laws 1879, p. 413. At present section 83-463, R. R. S. 1943, provides: "The state industrial school for juvenile offenders shall be a school for the retention, education, discipline, industrial training and reformation of male juvenile offenders." See §§ 83-463 to 83-474, R. R. S. 1943, for present legislation relating to the state industrial school. This school is now referred to as Boys' Training School. See § 83-107.02, R. S. Supp., 1953. These statutes relating to the state industrial school, insofar as here material, provide: "When a boy of sane mind, under the age of eighteen years, has been found guilty of any crime, except murder or manslaughter, *in any court of record in this state,* the court *may order* that the boy be committed to the state

industrial school." § 83-465, R. R. S. 1943. (Emphasis ours.)

At the time petitioner was sentenced the Legislature had also provided that: "Any person, not less than sixteen nor more than thirty years of age at the time of conviction of a felony for the first time, *may be sentenced* to confinement in the state reformatory instead of to the state penitentiary, when in the judgment of the trial court the person is capable of reformation and the sentence is compatible with the general welfare." § 83-455, R. R. S. 1943. (Emphasis ours.)

The 1953 Legislature amended this act to read as follows: "Any person, not less than sixteen years of age at the time of conviction of a felony for the first time, may be sentenced to confinement in the state reformatory instead of to the state penitentiary, when in the judgment of the trial court the person is capable of reformation and the sentence is compatible with the general welfare." § 83-455, R. S. Supp., 1953.

Thus it will be observed that upon a defendant being convicted of a felony one or more of these statutes may apply, depending upon the facts of the case, and the district court can sentence accordingly or, if the circumstances justify, may, under the provisions of section 29-2218, R. R. S. 1943, without pronouncing sentence, suspend further proceedings and place the defendant on probation. Here the district court, because of petitioner's age, could sentence him to confinement in either the Boys' Training School or the State Penitentiary.

In 1905 the Legislature created the juvenile court. Legislation relating thereto will presently be found as Chapter 43, article 2, R. R. S. 1943. A careful study of the act clearly indicates it is not intended the juvenile court shall have exclusive jurisdiction and control of all juveniles. As stated in State v. McCoy, 145 Neb. 750, 18 N. W. 2d 101: "Juvenile courts do not have the sole or exclusive jurisdiction of children under eighteen years of age who have violated our laws."

And, "The county attorney is not limited by the Juvenile Court Act in any way in his duty to file proper complaints against wrongdoers and prosecute the same." State v. McCoy, *supra*. See, also, §§ 43-205 and 23-1201, R. R. S. 1943.

However, if election is made to proceed in the juvenile court by filing a complaint therein then that court acquires exclusive jurisdiction and the action must proceed therein in accordance with the procedures provided relating thereto. A juvenile court cannot sentence anyone coming before it to the penitentiary.

In this respect we note section 43-211, R. R. S. 1943, has no application to Buffalo County as it has a population of less than 50,000 and Kearney, located therein, has less than 40,000.

While we think the intent of the Juvenile Court Act is that offenders under 16 years of age, except when convicted of murder or manslaughter, should, if a sentence of confinement is imposed, be committed to the Boys' Training School rather than to the penitentiary, however, we find nothing in the law to prevent the district court from sentencing such juvenile to the penitentiary when convicted of a felony in that court.

Petitioner contends that he was not accorded "due process of law," as provided for by Article I, section 3, of the Constitution of Nebraska, nor a fair and impartial trial within the intent and meaning of Article I, section 11 thereof. We will discuss these questions in the various phases of the procedure leading up to petitioner's being sentenced and committed.

"The rights guaranteed to an accused in a criminal prosecution by Article I, section 11, of the Constitution of Nebraska are all personal privileges and not having been conferred from any consideration of public policy are not inalienable but may be insisted upon or abandoned at pleasure." Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561.

"Due process of law requires only that the accused

be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." Hawk v. State, *supra*.

On September 28, 1951, a complaint containing two counts was filed against petitioner in the county court of Buffalo County. At the preliminary hearing held thereon he pleaded guilty thereto and was bound over to the district court for trial. See § 29-1607, R. R. S. 1943, as to a preliminary hearing and the right thereto.

"A preliminary hearing before a magistrate is not a criminal prosecution or trial within the meaning of section 11, art. I of our Constitution." Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666.

The functional purpose of the preliminary hearing is stated in section 29-506, R. R. S. 1943, as follows: "If upon the whole examination * * * it shall appear that an offense has been committed and there is probable cause to believe that the person charged has committed the offense, the accused shall be committed to the jail of the county in which the same is to be tried, there to remain until he is discharged by due course of law; * * *."

"It is in no sense a trial of the person accused. Its purpose is to ascertain whether or not a crime has been committed, and whether or not there is probable cause to believe the accused committed it." Roberts v. State, *supra*.

The effect of the foregoing, if found to exist, is to hold the accused for trial in the district court, which has jurisdiction to try him. See Dobrusky v. State, 140 Neb. 360, 299 N. W. 539. That is what the county court of Buffalo County did.

"The rule is that in the absence of a statute a person accused of an offense is not entitled as of right to representation by counsel upon his preliminary examination." Roberts v. State, *supra*.

Section 29-1803, R. R. S. 1943, provides that counsel

shall be furnished for an accused, in certain cases, if he does not have the financial ability to do so for himself.

But, as stated in Roberts v. State, *supra*: "Section 29-1803, R. S. 1943, requiring the court to assign counsel to an accused person in certain cases, who has not the ability to procure counsel, by its terms does not extend to the preliminary hearing."

The record discloses that none of petitioner's rights were violated in connection with the preliminary hearing in the county court of Buffalo County.

An information was thereafter filed in the district court and that court, on October 6, 1951, appointed two members of the Buffalo County bar to assist petitioner in that court, which they did. On October 12, 1951, he was arraigned in district court in accordance with section 29-1816, R. R. S. 1943. Petitioner, his mother, and his counsel were present thereat. At this arraignment, but immediately prior thereto, two things happened of which petitioner here complains: First, count one of the information was changed from a charge of kidnapping under section 28-417, R. R. S. 1943, to a charge of robbery from the person by putting in fear. Preliminary hearing thereon was waived. Second, after count one had been changed, the service of the information, as required by section 29-1802, R. R. S. 1943, was waived.

Section 29-1607, R. R. S. 1943, which provides for a preliminary hearing, provides it may be waived, as was here done.

"The failure to give a preliminary examination to a person charged with a crime is not a jurisdictional defect and is waived if not complained of before a plea of not guilty to the charge is made in the district court." Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113. See, also, Swanson v. Jones, *supra*; Roberts v. State, *supra*.

Section 29-1802, R. R. S. 1943, provides for service of the information on defendant within 24 hours after

the filing thereof and that no one shall, without his assent, be arraigned until 1 day shall have elapsed after he has been so served with or has received a copy thereof.

"The right of a defendant under section 29-1802, R. S. 1943, not to be required, without his assent, to answer an information until one day shall have elapsed, after receiving a copy thereof, may be waived, * * *." Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353.

"A defendant, by pleading guilty, waives all defenses other than that the information charges no offense." Duggan v. Olson, *supra*.

These rights were fully explained to the petitioner by the trial court and there is no question in our mind but what he fully understood them as they had also been explained to him by his counsel. We think these preliminary rights were knowingly waived and for petitioner's counsel to have insisted on their being carried out would have served no useful purpose.

Petitioner complains that at the trial he was without the assistance of effective counsel because he was permitted to waive the foregoing procedural step and, upon arraignment, allowed to plead guilty, which is the equivalent to a finding of guilty by a jury. In view of what petitioner had admitted doing on September 26, 27, and 28, 1951, as disclosed by his written admissions to the police officers of Kearney, no part of which he denied at the trial, it would seem there was little else for his counsel to do. He admitted to the police officers of Kearney a series of acts on those days, starting in Colorado Springs, Colorado, on the afternoon of Wednesday, September 26, 1951, and extending through Colorado, Kansas, and Nebraska, that included not less than 16 felonies involving such crimes as automobile theft, armed robbery of the person, kidnapping, armed robbery of a cafe, malicious destruction of property, and rape.

We think the record shows a fine example of a dis-

trict judge fully protecting the petitioner's rights by informing him in regard thereto, which rights we think he understood. These related to his constitutional rights hereinbefore discussed, the nature of the charges against him, the effect of a plea of guilty or not guilty, the penalties he would be subject to if he pleaded guilty, and his right to a jury trial. At the same time the trial court acted to protect the public, which, under the circumstances here, it was its duty to do. We find these contentions of petitioner to be without merit.

Section 43-212, R. R. S. 1943, contains the following provision: "When any child under the age of sixteen years shall be arrested or sentenced to confinement in any institution to which adult convicts are sentenced, it shall be unlawful to confine such child in the same building with such adult convicts or to confine such child in the yard or enclosure with such adult convicts, or to bring such child into any yard or building in which adult convicts may be present."

Petitioner contends any sentence committing a 15-year-old boy to an institution, where there is admittedly no provision for segregation from adult convicts, is, because of the foregoing statute, void.

The evidence shows petitioner was confined in the same building, yards, and enclosure as the adult convicts and lodged in a cell with two other convicts of the ages of 45 and 50 years. Apparently the penitentiary has no facilities for segregation such as the statute contemplates. The sentence and order of commitment to the penitentiary contained no direction as to such statutory provision. While it would have been proper, and probably desirable, to have had such directive in the sentence and order of commitment it is, however, not a jurisdictional matter.

As stated in State ex rel. Sowders v. Superior Court, 105 Wash. 684, 179 P. 79: "Counsel for relator also contend that there is no provision for caring for delinquent children at the state penitentiary. That fact may not be

considered by the trial court or by this court. It is the duty of the state to make provision, and if provision has not been made, that fact does not prevent the trial court from pronouncing judgment."

We said in Swanson v. Jones, *supra:* "The remedy of habeas corpus is not available in the absence of a statute authorizing it for the purpose of inquiring into the legality of a particular form, manner, or place of confinement executively or administratively imposed upon a prisoner lawfully in custody in an authorized place under a valid sentence and commitment."

We think the trial court erred in ordering the petitioner released. We reverse its action doing so. It is not clear, from the record before us, as to whether or not the petitioner actually has been released. If he has been then he should be ordered returned to the penitentiary to serve out the balance of his terms. If he has not been released he should remain confined in the penitentiary for the same purpose.

REVERSED AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., dissents.