CARIL ANN FUGATE, A MINOR, BY AND THROUGH JOHN McARTHUR, HER NEXT FRIEND, APPELLANT, V. HERBERT A. RONIN, COUNTY JUDGE, APPELLEE.

91 N. W. 2d 240

Filed July 3, 1958. No. 34443.

*John McArthur* and *Edmund O. Belsheim,* for appellant.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, BOSLAUGH, JJ., and NEWKIRK, District Judge.

WENKE, J.

This is an appeal from the district court for Lancaster County. It involves an action brought therein by Caril Ann Fugate, a minor, by and through John McArthur, her next friend, against Herbert A. Ronin, county judge of Lancaster County, seeking a writ of prohibition against him as such county judge. The district court denied plaintiff the writ. She thereupon filed a motion for new trial and this appeal was taken from the overruling thereof.

The writ of prohibition, and under what circumstances a litigant is entitled thereto, is fully set out and discussed in Conkling v. DeLany, *ante* p. 4, 91 N. W. 2d 250. See, also, State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676.

At all times herein material appellee was the duly elected, qualified, and acting county judge in and for Lancaster County. On February 3, 1958, the county attorney of Lancaster County filed a complaint in said

county court charging the appellant with murder in the first degree on two counts. Appellant was arraigned thereon before appellee on February 3, 1958, and entered a plea of "Not Guilty" to both counts. Thereupon appellee ordered a preliminary hearing to be held thereon at 9:30 a. m. on March 8, 1958. On March 8, 1958, on motion of the county attorney and by agreement of the parties, the preliminary hearing was continued to March 29, 1958, at 9:30 a. m. On February 19, 1958, appellant filed a motion requesting an order of the county court transferring the case to the juvenile court of Lancaster County on the ground that at the time the alleged offenses charged were committed (January 27, 1958) appellant was 14 years of age. The record shows appellant was born July 30, 1943. Appellee overruled this motion on March 22, 1958. Thereupon this action was commenced to prohibit appellee, as county judge, from holding a preliminary hearing upon the complaint and from taking any other or further action thereon.

The fundamental question raised by this action is whether or not the appellee, as county judge of Lancaster County, was under a mandatory duty to transfer the complaint to the juvenile court. It is appellant's thought that section 43-211, R. R. S. 1943, imposed a mandatory duty upon the appellee to transfer the complaint to the juvenile court for Lancaster County when she made a motion requesting the court to do so.

The purpose of the Juvenile Court Act (Laws 1905, c. 59, p. 305), which deals with the treatment and control of dependent, neglected, and delinquent children and is now a part of Chapter 43, article 2, R. R. S. 1943, and the constitutional right of the Legislature to enact legislation in regard thereto in the manner that it did have been fully discussed by this court in State ex rel. Miller v. Bryant, 94 Neb. 754, 144 N. W. 804; Laurie v. State, 108 Neb. 239, 188 N. W. 110; Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308, 43 A. L. R. 2d 1122.

Consequently no useful purpose would be served by again dealing therewith in this opinion.

Section 43-211, R. R. S. 1943, provides: "When in any county where a juvenile court is held, as provided in section 43-204, a child under the age of sixteen years is arrested with or without warrant, such child may, instead of being taken before a justice of the peace or public magistrate, be taken directly before such court, or if the child is taken before a justice of the peace or police magistrate, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such court, and the officer having the child in charge, to take the child before that court. In any case the court may proceed to hear and dispose of the case in the same manner as if the child had been brought before the court upon complaint or affidavit as herein provided. In any case, the court shall require notice to be given and investigation to be made as in other cases under this act and may adjourn the hearing from time to time for that purpose."

Section 43-204, R. R. S. 1943, referred to in section 43-211, R. R. S. 1943, and which relates to Lancaster County because its population is over 50,000, provides: "In counties having a population of more than fifty thousand, the judges of the district court, on being inducted into office, shall select one of their number to preside over what shall be termed the 'juvenile court.' The judge so selected shall serve throughout his term, unless the judges choose, in the same manner as the original selection was made, another of their number to so act. The judge of the juvenile court shall hear all cases arising under the provisions of this act, and shall give precedence thereto. He shall also hear such other cases as may be assigned to him but may transfer such other cases to another judge for hearing or trial. A special courtroom, to be designated as the 'juvenile courtroom,' shall be provided for the hearing of cases arising under the provisions of this act. The finding of the court in

such cases shall be entered in a book or books kept especially for the purpose, one of which shall be known as the 'juvenile record.' "

Section 43-202, R. R. S. 1943, provides: "The district courts of the several counties in this state, and the judges thereof in vacation, shall have original jurisdiction in all cases coming within the terms of this act; the county court in each county shall have concurrent jurisdiction with the district court, but in counties having a population of more than fifty thousand such jurisdiction shall not be exercised by the county court except in the absence of the judge or judges of the district court from the county. Where a proceeding has been instituted under this act before any county court, the jurisdiction of this court over such proceedings shall continue until the final disposition thereof; Provided, appeal may be had to the district court in the same manner as is provided by law in civil cases. In all trials under this act where a delinquent child is charged with a crime, any person interested therein may demand a jury or the judge of his own motion may order a jury to try the case; Provided, in cities having a population of forty thousand and upward, the police judge thereof shall have jurisdiction under this act concurrent with the county judge, within the limit of such city."

In the construction of these statutes the following principles apply:

"If a statute is unambiguous courts will not by interpretation or construction usurp the function of the lawmaking body and give it a meaning not intended or expressed by the Legislature.

"A statute is not available for construction as a matter of course. If it is unambiguous there is no room for construction and courts may not search for its meaning beyond the statute itself." Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409.

It will be noted that the mandatory provision of section 43-211, R. R. S. 1943, does not specifically refer to

county judges but only to justices of the peace and police magistrates. We have already construed this statute in State v. McCoy, 145 Neb. 750, 18 N. W. 2d 101. Therein we held: "It thus clearly appears that there is a concurrent jurisdiction between these several courts. While we are inclined to the view that the juvenile court of each county in the state has a broad discretion in the handling of all cases involving dependent, neglected and delinquent minors, however, other courts also have concurrent jurisdiction under the general criminal laws of our state, and complaints can properly be brought before all such courts by the county attorney." In this respect we held: "The county attorney is not limited by the Juvenile Court Act in any way in his duty to file proper complaints against wrongdoers and prosecute the same." State v. McCoy, *supra*. We repeated this holding in Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716. Therein we held: "In 1905 the Legislature created the juvenile court. Legislation relating thereto will presently be found as Chapter 43, article 2, R. R. S. 1943. A careful study of the act clearly indicates it is not intended the juvenile court shall have exclusive jurisdiction and control of all juveniles. As stated in State v. McCoy, 145 Neb. 750, 18 N. W. 2d 101: 'Juvenile courts do not have the sole or exclusive jurisdiction of children under eighteen years of age who have violated our laws.'

"And, 'The county attorney is not limited by the Juvenile Court Act in any way in his duty to file proper complaints against wrongdoers and prosecute the same.' State v. McCoy, supra."

These holdings are in keeping with the provisions of section 83-465, R. R. S. 1943, which are applicable here. See § 83-490, R. R. S. 1943. Section 83-465, R. R. S. 1943, provides: "When a boy of sane mind, under the age of eighteen years, has been found guilty of any crime, except murder or manslaughter, in any court of record in this state, the court may order that the boy be committed to the state industrial school. A copy of the order, under

the seal of the court, shall be sufficient warrant for delivering the boy to the school and committing him to the custody of the superintendent." As we said in Lingo v. Hann, *supra*: "While we think the intent of the Juvenile Court Act is that offenders under 16 years of age, except when convicted of murder or manslaughter, should, if a sentence of confinement is imposed, be committed to the Boys' Training School rather than to the penitentiary, however, we find nothing in the law to prevent the district court from sentencing such juvenile to the penitentiary when convicted of a felony in that court." See, also, Turpit v. State, 154 Neb. 385, 48 N. W. 2d 83.

We think the words "the case," as used in the mandatory provision of section 43-211, R. R. S. 1943, as they relate to justices of the peace and police magistrates in counties having a population of more than 50,000, refer to criminal matters of which those courts have jurisdiction and which the presiding magistrates thereof have authority to adjudicate and, whenever such provision applies, it is mandatory upon the presiding magistrate and not an optional privilege which may be exercised in behalf of the minor so charged. This is in keeping with section 83-467, R. R. S. 1943, which is applicable here. See § 83-490, R. R. S. 1943. Section 83-467, R. R. S. 1943, provides: "When a boy of sane mind, under the age of sixteen years, has been convicted before a justice of the peace or other inferior court, of any crime, it shall be the duty of the magistrate to send the boy, together with all papers filed in his office on the subject, under the control of some officer, to a judge of a court of record. The judge shall then issue an order to the parent, guardian or the person in charge of the boy or with whom the boy last resided, or any one known to be a close relative of the boy, or if the boy be alone and friendless, then to the person whom the judge shall appoint as guardian ad litem, requiring him to appear at a time and place stated in the order, to show cause why the boy should not be committed to the state industrial school." Thus con-

strued these statutes provide a uniform system throughout the state for the handling of children under 16 years of age coming before justices of the peace or magistrates of other inferior courts on criminal matters within the jurisdiction thereof. This is in keeping with the principle that: "It is the duty of the court, so far as practicable to give effect to the entire language of a statute and to reconcile the different provisions of it so that they are consistent, harmonious, and sensible." Ledwith v. Bankers Life Ins. Co., *supra*.

The functional purpose of a preliminary hearing is stated in section 29-506, R. R. S. 1943. It is in no sense a trial of the person accused in regard to his guilt or innocence. Its purpose is to ascertain whether or not a crime has been committed and whether or not there is probable cause to believe the accused committed it. If it is found that the foregoing exist then the accused should be held for trial in the district court which has jurisdiction to try the matter but failure to find that they do exist is not an adjudication of the matter and no bar to another complaint, setting forth the same charges, being filed in the same or other courts having jurisdiction to hear the same for that purpose, which would include district courts. See, Lingo v. Hann, *supra;* Callies v. State, 157 Neb. 640, 61 N. W. 2d 370; Van Buren v. State, 65 Neb. 223, 91 N. W. 201; State v. Dennison, 60 Neb. 192, 82 N. W. 628. Consequently we do not think a preliminary hearing on a felony charge is a "case" within the meaning of section 43-211, R. R. S. 1943.

We have examined the cited opinions of other courts dealing with this subject. They are of little use here because they deal with statutes relating to juveniles which are either entirely different than ours or much broader in their scope.

Constitutional questions have been raised by appellee which are not without merit if appellant's contention as to the meaning of section 43-211, R. R. S. 1943, is cor-

rect. In State ex rel. Winter v. Swanson, 138 Neb. 597, 294 N. W. 200, we said: "It is clearly the duty of this court to give a statute an interpretation which meets constitutional requirements if it can be reasonably done." In view of our holding that the mandatory provision of section 43-211, R. R. S. 1943, does not apply to preliminary hearings on felony complaints the following has application here: "Constitutionality of statute will not be determined unless necessary to proper disposition of pending case." Banning v. Marsh, 124 Neb. 207, 245 N. W. 775.

We find the trial court was correct in denying the writ and therefore affirm its action doing so.

AFFIRMED.