EDWARD D. KENNEDY, ALSO KNOWN AS EDWARD KENNEDY, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

102 N. W. 2d 620

Filed April 22, 1960. No. 34806.

*Jack L. Spence,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Bernard L. Packett,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This cause was submitted on two motions. On March 25, 1960, our opinion was released disposing thereof. See Kennedy v. State, *ante* p. 193, 101 N. W. 2d 853. On the same day Edward D. Kennedy, plaintiff in error and defendant below, filed a supplemental transcript in this court. It discloses that on March 18, 1960, he filed a poverty affidavit in the district court for Douglas County wherein he asked that court "for an order directing the Clerk of the District Court of Douglas County to order a Bill of Exceptions and tax the costs of the preparation thereof to Douglas County * * *." This request the district court denied on March 21, 1960.

It appears from the supplemental transcript that no objections were made to plaintiff in error's affidavit, which was in the form of an application. It stands uncontradicted. Plaintiff in error contends, in view of our holding in Fisher v. State, 153 Neb. 226, 43 N. W. 2d 600, that the trial court therefore erred in denying his application for the order requested. He requests we overrule the trial court's order doing so and direct the clerk to have the official court reporter prepare a bill

of exceptions for him at the expense of Douglas County.

Section 24-342, R. S. Supp., 1959, under and pursuant to which plaintiff in error filed his poverty affidavit in the form of an application, does not provide when it shall be filed. However our rules, which have been in effect since September 28, 1959, provide, in criminal cases, "that it (bill of exceptions) shall be ordered within the period of time allowed for the filing of the petition in error in the Supreme Court." Rules of the Supreme Court, 1960, Rule 7h, p. 9. Section 25-1931, R. R. S. 1943, provides "one calendar month" for this purpose.

Here plaintiff in error's request for a bill of exceptions was filed with the clerk of the district court for Douglas County on February 3, 1960. This was within 1 calendar month of the final order complained of in this error proceeding, which was rendered on January 11, 1960. As already stated, the poverty affidavit of plaintiff in error was not filed in the district court until March 18, 1960. In order to expedite appellate procedure in criminal cases and to make such procedure certain and uniform as to when each step must be taken, we hold the poverty affidavit of a defendant in a criminal case, filed under the provisions of section 24-342, R. S. Supp., 1959, in order to obtain a bill of exceptions at the cost of the county must be filed within the same period of time as is provided by our rules for the ordering of the bill of exceptions. That is, within 1 calendar month "after the rendition of the judgment or making of the final order complained of." See § 25-1931, R. R. S. 1943.

In view of the foregoing we overrule the motion of plaintiff in error requesting us to "issue an order directing said trial court to order the costs of the preparation of a bill of exceptions to be taxed to Douglas County, Nebraska."

MOTION OF PLAINTIFF IN ERROR FOR BILL OF EXCEPTIONS OVERRULED.